COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-314-CR

GERALD WAYNE SERGENT A/K/A APPELLANT

MICHAEL A. SERGENT 

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Gerald Wayne Sergent a/k/a Michael A. Sergent of aggravated robbery and assessed his punishment at eight years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In two points, Appellant contends that the evidence is legally and factually insufficient to support his conviction.  Because we hold that the evidence is sufficient, we affirm the trial court’s judgment.

Appellant was charged as a principal and a party.  Appellant’s written confession, dated and signed February 15, 2004 and admitted into evidence, provides,

Yesterday I was out with [a] female friend.  I do not know her name.  She wanted some items[,] but we did not have any money with us.  We went to the Dollar Store on E. Rosedale.  My friend grabbed some panties and bra[s].  She put the stuff under her shirt.  I was just looking around.  We then walked out [of] the store.  When we walked out [of] the store[,] I heard some footsteps coming from behind us.  It was dark[,] and I turned around and saw a Spanish guy coming up.  I said to him[,] “[W]hat are you doing[?]”  He said something[,] but I do not remember.  He kept coming.  I had a small knife with me.  It was [a] kitchen knife.  I pulled it out and said[,] “[W]hat are you doing[?]  [G]et away.”  The Spanish guy then walked back[,] and we went on our business.  This [is] all that happened yesterday.

Appellant specifically contends that there is no evidence apart from his extrajudicial statement to support the jury’s finding that he committed or attempted to commit theft as required to support a robbery conviction.  As our sister court in El Paso has explained,

The common law corpus delicti rule is that no criminal conviction can be based on a defendant’s extrajudicial confession unless the confession is corroborated by independent evidence tending to establish the corpus delicti.  The corpus delicti of any crime simply consists of the fact that the crime in question has been committed by someone.  . . . The rule does not require that the independent evidence fully prove the corpus delicti, only that it tend to prove the corpus delicti or render the corpus delicti more probable than it would be without the evidence.

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of property, he intentionally, knowingly, or recklessly causes bodily injury to another or he intentionally or knowingly threatens or places another in fear of bodily injury or death. . . . [T]he actual commission of the offense of theft is not a prerequisite to the commission of the offense of robbery;  the gravamen of robbery is the assaultive conduct and not the theft.  The phrase “in the course of committing theft” within the robbery statute, means conduct which occurs in an attempt to commit, during commission, or in immediate flight after the attempt or commission of theft.  Thus, the state was not required to conclusively show by independent evidence that a completed theft actually occurred in order to establish the corpus delicti of robbery.  It was required only to adduce evidence, other than appellant’s confession, which tended to show that Branch was assaulted while the perpetrators were in the course of committing or attempting to commit theft.
(footnote: 2)

In addition to Appellant’s statement, the evidence was as follows.  On the evening of February 14, 2004, Santiago Herrera was employed by Family Dollar on East Rosedale in Tarrant County, Texas as an associate.  He wore a black T-shirt with the Family Dollar logo on it and a red Family Dollar employee badge in a lanyard around his neck.  While he and Gloria Robles, the store’s assistant manager, were adding sensor tags to new merchandise, Herrera saw a tall, thin black male and a black female leave the right-hand side of the store and begin exiting the store.  The sweater section was in that area.  The sweaters did not have sensors on them.  While Herrera testified that he did not see either Appellant or his female companion steal anything, Herrera noticed that the man “seemed to have — was overly, like stuffed” and was “puffy” in his torso area.  What drew Herrera’s attention to the couple was the fact that the man “appeared to have large amounts of something under his jacket.”

Robles testified that while she and Herrera were tagging the merchandise, she saw a black male, who “kind of looked thin,” walk out of the store and noticed that his stomach looked “way too big.”  He was lumpy, but he did not look fat.  Her first reaction upon seeing the man was to tell Herrera that the man was taking something.

Neither the man nor the female stopped at the cash register.  As the man left the store, he did not face the door or the register, where Herrera and Robles were.  Instead, he left “kind of at an angle as having his back towards [Herrera], but not completely.”  Herrera tried to intercept the man before he left the store but did not succeed.  The sensor alarm at the exit, which was working properly that night, did not go off when the couple left the store.  Herrera followed the man outside.

Outside, Herrera approached the man and stated, “I’m going to have to ask you to step back inside the store.”  The man turned toward Herrera as he was speaking, pulled out a knife, pointed it at Herrera, and said, “Watch out.”  The female also spoke to the man at this time.  Herrera felt threatened and was afraid that the man was “probably going to try to stab” him, so he stepped back a bit, turned around, and went back into the store.  The man and his female companion left.  Herrera reported the incident to the police that night. 

Herrera was working again the next day.  He saw the man on the sidewalk outside the store, recognized him, and called the police.  The police arrived and restrained the man.  Herrera went outside and identified him.  He identified him again in a later photographic lineup.  Finally, Herrera identified the man, Appellant, a third time at trial.

Based on our review of the additional evidence, we hold that it tends to prove the corpus delicti or render the corpus delicti more probable than it would be without the evidence.
(footnote: 3)  Accordingly, based on the applicable standards of review,
(footnote: 4) we hold that the evidence is legally and factually sufficient to support Appellant’s conviction for aggravated robbery.  We overrule his two points and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 11, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Purser v. State
, 902 S.W.2d 641, 648 (Tex. App.—El Paso 1995, pet. ref’d) (citations omitted), 
cert. denied
, 525 U.S. 838 (1998).

3:
See id.

4:
See Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (all providing legal sufficiency standard of review); 
Zuniga v. State
, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review).